UNITED STATES v. UNION PAC. RY. CO. et al.

(Circuit Court of Appeals, Eighth Circuit. May 6, 1895.)

No. 495

PUBLIC LANDS—RAILWAY GRANTS—BONA FIDE PURCHASERS.

A bona fide purchaser of the title of a land-grant railroad company to lands patented to it by mistake, and which were excepted from the grant by reason or prior pre-emption claims, that were subsequently canceled, has superior equities, constituting a good defense to a suit brought by the United States under the act of March 3, 1887, to set aside the patent and restore the title to the government. U. S. v. Winona & St. P. R. Co. (No. 564) 67 Fed. 948, followed. 61 Fed. 143, affirmed.

Appeal from the Circuit Court of the United States for the District of Kansas.

This is an appeal from a decree which dismissed a bill exhibited by the appellant, the United States, under the act of March 3, 1887 (24 Stat. 556), to set aside a patent of 160 acres of land issued on September 10, 1874, to the Kansas Pacific Railroad Company, under the act of July 1, 1862 (12 Stat. c. 120, §§ 3, 9, pp. 489, 492, 494), and the acts amendatory thereof, and to restore to the United States the title under that patent, which at the commencement of this suit was held by the appellee William Hoard. The original grant was made to the Leavenworth, Pawnee & Western Railroad Company of Kansas. The name of that company was subsequently changed to the Union Pacific Railway Company, Eastern Division; then to the Kansas Pacific Railroad Company; and that company was afterwards consolidated with the appellee the Union Pacific Railway Company, which has succeeded to all the rights this railroad company acquired under any of its names. In all particulars essential to the determination of this case the terms of this grant were the same as those of the grant considered in the case of U. S. v. Winona & St. P. R. Co. (No. 564) 67 Fed. 948. 11 Stat. 195. But the act of July 1, 1862, authorized the president of the United States to issue a patent for the lands within the grant opposite the constructed road whenever 40 consecutive miles of it had been completed. On May 8, 1867, the railroad company filed its map of the definite location of its line of railroad opposite the land here in controversy. This land was part of an odd section within the place limits of the grant. At the time of the definite location of the line of the road opposite this land a declaratory statement had been filed upon it under the pre-emption laws. This filing was canceled by the proper officer of the land office on October 3, 1871. On September 29, 1871, one J. G. Mohler made a homestead entry upon said tract of land, which was canceled on September 9, 1873. On July 28, 1885, Mohler applied to the proper officer of the land office for the reinstatement of his homestead entry. His application was rejected, and he made application to purchase the land under section 2 of the act of June 15, 1880, but this application was rejected. On March 11, 1873, the Kansas Pacific Railroad Company conveyed this land by warranty deed to one Powers. On September 3, 1875, Powers conveyed by like deed to one Berg. On April 22, 1881, Berg, by like deed, conveyed to one Whitman. On July 28, 1883, Whitman conveyed by like deed to one Quinn. On September 1, 1885, Quinn conveyed the land to the appellee William Hoard. The patent to the Kansas Pacific Railroad Company and the deeds which conveyed the title under that patent to Quinn were duly recorded in the office of the county where the land is situated, and an abstract of title, which disclosed this complete chain of title, was furnished to Hoard before he purchased. There was a one-story house, a barn, and a stable upon the land, and 110 acres of it were under cultivation when Hoard made the purchase. He bought the land of Quinn, who was then in possession of it, in 1885, and paid him $5,000 for it. He has since lived upon and cultivated it as a farm. He had no notice of any defects in the title or of any claim of any one but Quinn to any interest in the land until after he had purchased and paid for it.

W. C. Perry, U. S. Atty.

T. F. Garver (T. L. Bond, on the brief), for appellee William Hoard.

N. H. Loomis (A. L. Williams and R. W. Blair, on the brief), for appellee Union Pac. Ry. Co.

Fred M. Dudley, for appellee Northern Pac. R. Co., filed brief by leave of court.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

SANBORN, Circuit Judge, after stating the facts as above, delivered the opinion of the court.

The principles announced in U. S. v. Winona & St. P. R. Co. (No. 564) 67 Fed. 948, are decisive of this case. Conceding, but not deciding, that by the previous filing of the declaratory statement pre-emption rights had attached to this land at the time when the line of the railroad opposite to it was definitely fixed, this land was excepted from the grant to the railroad company. But the land was within the jurisdiction, and its disposition within the power, of the land department of the United States. The patent issued by that department to the railroad company was not void, but conveyed the legal title. The appellee William Hoard was a bona fide purchaser for value of that title, without notice of any defects in it; and his equitable rights as such purchaser are superior to the equitable claims of the United States to have the title restored to it, and constitute a complete defense to this suit.

The decree below must be affirmed, without costs to either party in this court, and it is so ordered.